\*\*Original filed 9/21/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DONNELL THOMAS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>J. CELAYA, et al.,<br><br>　　　　Defendants. | No. C 06-0489 JF (PR)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>(Docket No. 3) |

    Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Salinas Valley State Prison officials. Plaintiff has filed a motion for appointment of counsel. The Court will DENY Plaintiff's motion for appointment of counsel (docket no. 3) without prejudice. The Court will review Plaintiff's complaint in a separate written order.

**DISCUSSION**

    Plaintiff has filed a motion for appointment of counsel. Plaintiff maintains that appointment of counsel is necessary because he is unemployed, indigent and unable to employ counsel. Plaintiff asserts that this action is complex because there are numerous claims and Defendants. Plaintiff states that he has been housed in Administrative

Segregation without access to the law library or other inmates and is subjected to retaliation by the Defendants.  See Plaintiff's Mot at 4-5.  However, there is no constitutional right to counsel in a civil case.  Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981).  28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis.  28 U.S.C. § 1915(e)(1).  This does not give the courts the power to make "coercive appointments of counsel."  Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

      The court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  See id.  Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex.  See Rand, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was comprehensive and focused and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel).  Because the Court has not reviewed the merits of Plaintiff's complaint to determine whether the claims are cognizable under 28 U.S.C. § 1915, the Court concludes that appointment of counsel is not necessary at this time.  Accordingly, Plaintiff's motion for appointment of counsel (docket no. 3) is DENIED without prejudice.   Plaintiff may request counsel at a later stage of the proceedings, if appropriate.

      IT IS SO ORDERED.

DATED: __9/21/06__                              /s/jeremy fogel  
                                                JEREMY FOGEL  
                                                United States District Judge

1   A copy of this ruling was mailed to the following:

2

3   Larry Donnell Thomas
    H-79847
    Pleasant Valley State Prison
4   P.O. Box 8501
    Coalinga, CA  93210
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Plaintiff's Motion for Appointment of Counsel Without Prejudice
P:\pro-se\sj.jf\cr.06\Thomas489attyden                3