NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DONNELL THOMAS,<br><br>    Plaintiff,<br><br>vs.<br><br>J. CELAYA, et al.,<br><br>    Defendants. | No. C 06-00489 JF (PR)<br><br>ORDER OF SERVICE OF SECOND AMENDED COMPLAINT; ORDER DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The Court found the first amended complaint, when liberally construed, stated cognizable claims, and ordered service on Defendants. On September 23, 2009, the Court granted Defendants' motion to dismiss with leave to amend. (Docket No. 66.) On October 27, 2009, Plaintiff filed a second amended complaint ("SAC"). (Docket No. 67), which is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.

///

Order of Service
P:\PRO-SE\SJ.JF\CR.06\Thomas489_svc-am.wpd         1

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff's allegations involve events that occurred at SVSP between November 4, 2002 and August 28, 2003, when Plaintiff was transferred to another prison.  Plaintiff alleges the following claims as grounds for relief: 1) Defendants retaliated against Plaintiff for exercising his First Amendment rights; 2) Defendants violated Plaintiff's First Amendment right of access to courts; 3) Defendants used excessive force against Plaintiff in violation of the Eighth Amendment prohibition against cruel and unusual punishment; 4) Plaintiff suffered inhumane conditions in violation of the Eighth Amendment; and 5) Defendants failed to provide adequate care for Plaintiff's serious medical needs.  Liberally construed, these claims are cognizable under § 1983.

Plaintiff named Captain A. Hedgpeth as a defendant in this action.  (SAC at 3.)  However, Plaintiff has failed to state specific facts with respect to Defendant Hedgpeth's personal actions to show that he is liable for any violation of Plaintiff's rights.  Under § 1983, liability may be imposed on an individual defendant only if the plaintiff can show

that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Similarly, a supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). Plaintiff makes no mention of Defendant Hedgpeth throughout the statement of the case, (SAC at 5-20), and then states Defendant's name for the first time in the claims for relief, (SAC at 20). Without facts in support thereof, Plaintiff's allegations that Defendant Hedgpeth violated his rights are conclusory. Lastly, it is well established that under no circumstances is there respondeat superior liability under § 1983. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Accordingly, all claims against Defendant Hedgpeth are DISMISSED as Plaintiff has failed to state any claims against this defendant in the second amended complaint. No further amendment will be permitted with respect to this defendant as Plaintiff was twice granted leave to file an amended complaint to correct just such a deficiency. (See Docket No. 66 at 6-7.)

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Defendant Captain A. Hedgpeth is DISMISSED from this action for Plaintiff's failure allege sufficient facts to state a claim. The clerk shall terminate Defendant Hedgpeth from this action.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the second amended complaint (Docket No. 67) in this matter, all attachments thereto, and a copy of this order upon **Defendants Lieutenant J. Celaya**, **Lieutenant Ross**, **Correctional Officer Kolwouski**, **Correctional Officer J. Lopez**, **Sergeant J. Newton**, **Sergeant Locke**, and **Sergeant J. Stevenson** at **Salinas Valley State Prison**. The Clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

1    The clerk shall terminate all other defendants from this action as defendants not
2    named in the second amended complaint are no longer defendants.  See Ferdik v.
3    Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

4    3.    No later than **sixty (60) days** from the date of this order, Defendants shall
5    file a motion for summary judgment or other dispositive motion with respect to the claim
6    in the complaint as set forth above.

7        a.    If Defendants elect to file a motion to dismiss on the grounds that
8    Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C.
9    § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to
10   Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v.
11   Terhune, 540 U.S. 810 (2003).

12        b.    Any motion for summary judgment shall be supported by adequate
13   factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of
14   Civil Procedure.  **Defendants are advised that summary judgment cannot be granted,**
15   **nor qualified immunity found, if material facts are in dispute.  If any Defendant is of**
16   **the opinion that this case cannot be resolved by summary judgment, he shall so**
17   **inform the Court prior to the date the summary judgment motion is due.**

18   4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court
19   and served on Defendants no later than **thirty (30) days** from the date Defendants'
20   motion is filed.

21        a.    In the event Defendants file an unenumerated motion to dismiss
22   under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

23           The Defendants have made a motion to dismiss pursuant to Rule
         12(b) of the Federal Rules of Civil Procedure, on the ground you have not
24       exhausted your administrative remedies.  The motion will, if granted, result
         in the dismissal of your case.  When a party you are suing makes a motion
25       to dismiss for failure to exhaust, and that motion is properly supported by

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

        b.     In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to Plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    5.     Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

    6.     The motion shall be deemed submitted as of the date the reply brief is due.

1  No hearing will be held on the motion unless the Court so orders at a later date.

2      7.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

    8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

    9.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 4/16/10

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LARRY D. THOMAS,

        Plaintiff,

  v.

J. CELAYA, et al.,

        Defendants.

Case Number: CV06-00489 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 4/21/10, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Larry Donnell Thomas H-79847
Kern Valley State Prison
PO Box 5103
C-1-107 Low
Delano, CA 93216

Dated: 4/21/10

                                                    Richard W. Wieking, Clerk